MICHAEL S. CHAMBERLIN, SBN 175427
ERIC W. WITT, SBN 266289
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA  90025-0509
Telephone:  310.820.8800
Facsimile:  310.820.8859
*Email:*       *mchamberlin@bakerlaw.com*
               *ewitt@bakerlaw.com*

*Attorneys for Defendant*
PHILLIPS 66 COMPANY (incorrectly named
in Complaint as Phillips 66 Company, LLC)

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE GARCIA, an individual<br><br>        Plaintiff,<br><br>    v.<br><br>PHILLIPS 66 COMPANY, LLC, a<br>Delaware Limited Liability Company;<br>and DOES 1 through 20, inclusive,<br><br>        Defendants. | Case No.:  2:20-cv-1482<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Notice of Interested Parties; Declaration of Greta L. Coreathers; and Declaration of Jennifer M. Garcia]<br><br>Action Filed:  November 25, 2019<br>Action Removed:  Feb. 13, 2020 |

## TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, defendant PHILLIPS 66 COMPANY ("Defendant"), hereby removes the action filed by JAMIE GARCIA ("Plaintiff") in the Superior Court of the State of California in and for the County of Los Angeles, captioned *Jamie Garcia v. Phillips 66 Company, LLC, et. al.,* Case No. 19STCV42475, to the United States District Court for the Central District of California.

1

**JURISDICTION AND VENUE**

1.      This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1332, and removal is proper under §§ 1441 and 1446 because it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

2.      This Court is in the judicial district and division embracing the place where the state court case was brought and is pending.  Specifically, the United States District Court for the Central District of California embraces Los Angeles, California, which is the location of the state court in which Plaintiff brought this case and where it is pending.  Thus, this Court is the proper district court to which this case has been removed.  *See* 28 U.S.C. §§ 1441(b) and 1446(a).

**THE ACTION AND TIMELINESS OF REMOVAL**

**PROCEDURAL BACKGROUND**

3.      On November 25, 2019, Plaintiff filed a civil action in the Superior Court of the State of California in and for the County of Los Angeles, entitled *Jamie Garcia v. Phillips 66 Company, LLC, et. al.,* Case No. 19STCV42475 (the "State Court Action").

4.      On or about January 14, 2020, Plaintiff served Defendant with copies of the Summons, Complaint and related State Court documents.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint served upon Defendant is attached to this Notice of Removal as Exhibit "A."  True and correct copies of all additional process, pleadings, and orders served upon Defendant are attached as Exhibit "B."  A true and correct copy of Defendant's state court answer filed on February 10, 2020 is attached as Exhibit "C."

5.      Pursuant to 28 U.S.C. § 1446(b), this removal is timely because Defendant filed this Notice of Removal within 30 days of receipt of a copy of the Summons and Complaint in the State Court Action.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT

## DIVERSITY OF CITIZENSHIP

6.     Plaintiff's Citizenship.  Plaintiff alleges she "is and at all times relevant hereto was a resident of the County of Los Angeles, State of California." (Complaint ¶2).

7.     For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  Residence is presumed to be a person's domicile in the absence of contrary evidence.  *Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986); *Ayala v. Cox Automotive, Inc.*, 2016 WL 6561284 at *4 (C.D. Cal. Nov. 4, 2016).  Courts treat a person's allegations of residence as prima facie evidence of domicile.  *See, e.g., District of Columbia v. Murphy*, 62 S.Ct. 303, 309-310 (1941); *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994); *Barbosa v. Transport Drivers, Inc.*, 2015 WL 9272828 at *2 (C.D. Cal. Dec. 18, 2015).

8.     Plaintiff's allegation that she "is and at all times relevant hereto was a resident of the County of Los Angeles, State of California" establishes that Plaintiff is a domiciliary of California.  Importantly, Plaintiff's Complaint asserts in the present-tense that Plaintiff "is" a resident of California.  (Complaint ¶2).  Based on Plaintiff's allegation that she is a resident of California and because there is no evidence to indicate that Plaintiff is domiciled elsewhere, Plaintiff must be considered a citizen of California.

9.     Defendant's Citizenship.  Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  The United States Supreme Court declared that a corporation's "principal place of business" is "where a corporation's officers direct, control, and coordinate the corporation's activities," which is referred to as its "nerve center."  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  "[I]n practice," a corporation's "nerve center"

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

3

should "normally be the place where the corporation maintains its headquarters." *Id.*

10. Defendant Phillips 66 Company is incorporated under the laws of Delaware as a corporation. (See Declaration of Jennifer M. Garcia, ¶3).

11. The entity Plaintiff incorrectly names in her Complaint, Phillips 66 Company, LLC, does not exist and therefore cannot be considered for purposes of diversity of citizenship.

12. According to the *Hertz* nerve center test, Defendant Phillips 66 Company has its principal place of business in Texas. Specifically, its headquarters are located in Houston, Texas, which is the location from which its officers direct, control, and coordinate its activities. (See Garcia Decl. ¶3). Accordingly, for purposes of diversity, Defendant is a citizen of the states of Delaware and of Texas.

13. Doe Defendants. Although Plaintiff has named fictitious defendants, "Does 1 to 20," "[f]or purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *see also Fristos v. Reynolds Metals Co.,* 615 F.2d 1209, 1213.

14. Complete diversity of citizenship exists under 28 U.S.C. §§ 1332 because Plaintiff is a citizen of the State of California and Defendant is a citizen of Delaware and Texas.

### AMOUNT IN CONTROVERSY

15. When complete diversity is present, a defendant may remove a case to federal court pursuant to 28 U.S.C. § 1332(a) on the basis that the amount in controversy exceeds $75,000, exclusive of interest and costs, even when the plaintiff fails to set forth any specific damages amount. *See, e.g., Cohn v. PetsMart, Inc.,* 281 F.3d 837, 839-40 (9th Cir. 2002).

16. A removing defendant must only establish, according to the lenient preponderance of the evidence standard, that the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1332(a), 1446(c)(2)(B). "As specified in § 1446(a), a

4

defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"; the notice need not contain evidentiary submissions. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). Here, although Plaintiff has not identified a specific value for her alleged damages, Plaintiff filed the State Court Action as "unlimited jurisdiction" because Plaintiff asserts that the case value exceeds $25,000. (See Plaintiff's Civil Case Cover Sheet, attached hereto with Exhibit B). Plaintiff's Complaint also asserts "Demand over $25,000." (See Plaintiff's Complaint, pg. 2, attached hereto with Exhibit A).

17.     The amount placed in controversy by Plaintiff's claims exceeds $75,000, exclusive of interest and costs. Plaintiff's Complaint asserts the following ten causes of action against Defendant: (1) Discrimination in violation of California Government Code § 12940, *et seq.*, (2) harassment in violation of California Government Code § 12940, *et seq.*, (3) retaliation in violation of California Government Code § 12940, *et seq.*, (4) failure to prevent discrimination, harassment and retaliation in violation of California Government Code § 12940(k), (5) retaliation in violation of California Government Code § 12945.2, *et seq.*, (6) failure to provide a reasonable accommodation in violation of California Government Code § 12940, *et seq.*, (7) failure to participate in a good faith interactive process in violation of California Government Code § 12940, *et seq.*, (8) wrongful termination in violation of public policy, (9) declaratory judgment and (10) failure to permit inspection of personnel and payroll records in violation of California Labor Code § 1198.5.

18.     Plaintiff alleges that she was "the subject of constant harassment from co-workers," and she "was wrongfully terminated on October 2, 2018." (Complaint ¶16, ¶18).

19.     Lost Wages. Plaintiff alleges that, as a result of Defendant's purportedly unlawful conduct, she has "suffered . . . past and future lost wages and

5

benefits" and claims she is entitled to recover "past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity." (Complaint ¶31, ¶32). In the "Prayer for Relief" section of Plaintiff's Complaint, Plaintiff reiterates her demand for "a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money." (Complaint, Prayer for Relief ¶1).

20. Back Pay and Front Pay. A claim for lost wages under California law consists of a back pay and front pay component. *See Teutscher v. Woodson*, 835 F.3d 936, 946 (9th Cir. 2016). Plaintiff alleges that her employment by Defendant terminated on October 2, 2018. (Complaint ¶16).

21. As of the date of termination of her employment, Defendant paid Plaintiff $42.12 per hour for the 42 hours per week that she was scheduled to work, and paid her at the rate of $48.02 for certain paid-time-off, including for sick leave or vacation. (See Declaration of Greta L. Coreathers, ¶3). Working at an hourly wage of $42.12 per hour for 42-hours per week, Plaintiff's annual earnings would equal $91,990.08, without even including overtime or premium pay that Plaintiff received.

22. Plaintiff's gross wages received from Defendant for the years 2015, 2016, 2017 and 2018 equaled $163,467.32, $68,746.29, $53,264.05 and $100,150.15, respectively. (See Coreathers Decl., ¶4). Plaintiff's reduced earnings in certain of these years resulted from her extended absences from work.

23. Plaintiff's back pay claim, calculated conservatively based on this annual salary for the period from October 3, 2018 (one day after Plaintiff's termination) through a trial date of February 13, 2021 (one year from the filing of this Notice of Removal), would total at least $215,822.88 (122 weeks x 42 hours per week x $42.12 per hour).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

24.     The estimated amount in controversy for Plaintiff's front pay claim, for purposes of this analysis only, proceeding from an assumption that a court would award one year of front pay, would total approximately $91,990.08.  *See, e.g. Glenn-Davis v. City of Oakland*, 2008 WL 410239 at *4 (N.D. Cal. Feb. 12, 2008) (concluding that three-year front pay award was reasonable to employee who experienced unlawful discrimination).

25.     Based on these calculations, the amount in controversy for lost wages alone equals $307,812.96.

26.     <u>Emotional Distress Damages</u>.  Emotional distress damages are included within the amount in controversy.  *See Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002).  Plaintiff seeks damages for past and future emotional distress.  Plaintiff alleges as follows: "As a result of Defendant's actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses [and] expenses for psychological counseling and treatment . . ." (Complaint ¶31).  Plaintiff also "claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court." (Complaint ¶33).  In her Prayer for Relief, Plaintiff repeats her request for damages for the emotional distress she alleges Defendant caused.  (Complaint, Prayer for Relief ¶1).

27.     Although Plaintiff does not specify the amount of damages she seeks to recover for her alleged emotional distress, for purposes of the analysis within this Notice of Removal only, Defendant conservatively estimates the amount in controversy for past and future emotional distress damages as $25,000.

28.     The $25,000 assigned to Plaintiff's claim for emotional distress damages is reasonable in light of the amounts California juries have awarded for emotional distress damages in cases involving claims for age discrimination,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

7

harassment and wrongful termination, all of which Plaintiff alleges in her Complaint.  In *Silverman v. Stuart F. Cooper Inc.*, No. BC467464, 2013 WL 5820140 (Los Angeles County Sup. Ct. July 19, 2013), for example, a jury awarded the plaintiff $151,333 for past and future emotional distress on claims for age discrimination and harassment, failure to prevent discrimination and harassment and wrongful termination.

29.     Penalty Under California Labor Code § 1198.5.  Plaintiff claims that Defendant's alleged failure to provide her with personnel and payroll records when requested entitles her to an award of a civil penalty in the amount of $750. (Complaint ¶82).

30.     Attorneys' Fees.  Plaintiff also seeks attorneys' fees.  When the underlying substantive law provides for an award of attorneys' fees, a party may include that amount in their calculation of the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).  The Court may take into account reasonable estimates of attorneys' fees when analyzing disputes over the amount in controversy.  *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416-48 (9th Cir. 2018) (the amount-in-controversy incorporates "all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails," including attorneys' fees).  If successful on certain claims she has made, Plaintiff could recover reasonable attorneys' fees under applicable law, including under California Government Code § 12965(b).

31.     Total Amount-in-Controversy.  As detailed above, the amount-in-controversy exceeds $75,000, exclusive of costs and interest.  The above-specified amounts are at least equal to $333,562.96, even when excluding attorneys' fees and ignoring Plaintiff's claims for punitive damages and lost employment benefits, which also are included within the amount in controversy.  *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

8

32.    Plaintiff's claims collectively make it facially plain that Plaintiff is seeking in excess of the minimum amount of $75,000, exclusive of costs and interest, needed to satisfy the amount in controversy requirement. *See, e.g. Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (finding, by preponderance of the evidence, that the amount placed in controversy by the complaint exceeded $75,000 where it sought damages for lost wages, benefits, 401(k) contributions, value of life insurance policies, stock options, emotional distress damages, and attorney's fees and costs).

## NOTICE OF INTERESTED PARTIES

33.    Pursuant to Local Rule 7.1-1, a Notice of Interested Parties is being filed concurrently with this Notice of Removal.

## NOTICE

34.    As required by 28 U.S.C. § 1446(d), Defendant provides written notice of the filing of this Notice of Removal to Plaintiff and is filing a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

Respectfully submitted,

Dated:  February 13, 2020

**BAKER & HOSTETLER LLP**

By:  */s/ Eric W. Witt*
MICHAEL S. CHAMBERLIN
ERIC W. WITT

*Attorneys for Defendant*
PHILLIPS 66 COMPANY

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

9

**BAKER & HOSTETLER LLP**
ATTORNEYS AT LAW
LOS ANGELES

## PROOF OF SERVICE

I am employed in Los Angeles County, California.  I am over the age of eighteen years and not a party to the within-entitled action.  My business address is 11601 Wilshire Boulevard, Suite 1400, Los Angeles, CA  90025-0509.  On February 13, 2020, I served a copy of the within document(s):  **DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT**

| ☑ | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit. |
| --- | --- |
| ☐ | by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill in the care and custody of **Golden State Overnight**, and causing the envelope to be delivered to a **Golden State Overnight** agent for delivery on the next business day. |
| ☐ | by placing document(s) listed above in the care and custody of Ace Attorney Services for personal delivery to the person(s) at the address(es) set forth below.  Proof of service to be filed after completion of service. |
| ☐ | by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below. |

Ramin R. Younessi, Esq.                        *Attorneys for Plaintiff*
**LAW OFFICES OF RAMIN R. YOUNESSI        JAMIE GARCIA**
 **A PROFESSIONAL LAW CORPORATION**
3435 Wilshire Boulevard, Suite 2200
Los Angeles, CA  90010
Tel:    213.480.6200
Fax:    213.480.6201
*Email: ryounessi@younessilaw.com*

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.  Executed on February 13, 2020, at Los Angeles, California.

_____
Hien Tran

4848-6372-1395.1

- 1 -

PROOF OF SERVICE